UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEVON ENERGY PRODUCTION COMPANY LP

CIVIL ACTION

VERSUS

TEXAS PACIFIC OIL COMPANY, INC.

NO. 22-00904-BAJ-RLB

RULING AND ORDER

In this action, Plaintiff Devon Energy Production Company LP ("Devon Energy") demands that Defendant Texas Pacific Oil Company, Inc. ("TP Oil") pay its alleged share of a settlement reached in a separate lawsuit, under a settlement agreement to which TP Oil was *not* a party but *was* a beneficiary. Now, TP Oil moves to dismiss, arguing that Devon Energy's claims of contribution, indemnity, and unjust enrichment fail as a matter of law. (Doc. 6). Devon Energy opposes. (Doc. 17). For the following reasons, TP Oil's motion will be denied.

I. RELEVANT BACKGROUND

A. Allegations

The following facts are accepted as true for present purposes.

In May 2020, Devon Energy was included among multiple defendants to a lawsuit styled *Wichita Partnership, Ltd. v. Apache Corp.*, No. 10-20477, a "legacy lawsuit" filed in the 38th Judicial District Court for the of Cameron, Louisiana. The *Wichita* plaintiffs sought compensation and remediation for environmental damages allegedly caused by historical oil and gas exploration and production in the Second Bayou and East Mud Lake Field. (Doc. 1 ¶ 5; *see also* Doc. 1-3). TP Oil was *not* a party

to the *Wichita* lawsuit, though its ultimate liability was potentially intertwined with Devon Energy's due to a 1951 assignment of a mineral lease from Devon Energy's predecessor to TP Oil's predecessor, under which some of the alleged oil and gas activities at issue occurred. (Doc. 1 ¶¶ 5-9).

Devon Energy's involvement in the *Wichita* lawsuit ended on March 9, 2022, when it executed a multi-party Release, Compromise, And Settlement Agreement (the "*Wichita* Settlement"), settling all claims against Devon Energy in return for payment of "certain consideration …, which included a monetary component and an agreement to address regulatory exceedances at certain locations identified by the plaintiffs' environmental testing." (Doc. 1 ¶ 10; *see* Doc. 19). Additionally, through the same *Wichita* Settlement, Devon Energy obtained a release of the *Wichita* plaintiffs' (potential) claims against TP Oil and its predecessor, despite TP Oil *not* being a party to the *Wichita* lawsuit *or* the *Wichita* Settlement. (Doc. 1 ¶ 10; *see* Doc. 19 pp. 7, 10, 13-15, 29).

On June 23, 2022, Devon Energy made a written demand to TP Oil for contribution or indemnity, seeking to recover: (1) TP Oil's share of the money paid under the *Wichita* Settlement to secure release of the *Wichita* plaintiffs' claims against TP Oil; and (2) TP Oil's share of the remedial cost to address "regulatory exceedances … associated with wells operated by" TP Oil or its predecessor. (Doc. 1 ¶ 11). TP Oil refused Devon Energy's demand, and this lawsuit followed.

### B. Procedural History

Devon Energy initiated this action on November 21, 2022, pursuing claims of contribution, indemnity, and unjust enrichment under Louisiana law, and also

seeking a declaration that TP Oil is liable to Devon Energy for TP Oil's "share of future costs to perform remediation work at certain locations associated with wells operated by" TP Oil or its predecessor, pursuant to 28 U.S.C. § 2201. (Doc. 1)

Now, TP Oil moves to dismiss, arguing that Devon Energy's claims necessarily fail. (Doc. 6). Devon Energy opposes. (Doc. 17).

## II.  ANALYSIS

### A. Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### B. Analysis

TP Oil raises four defenses to the merits of Devon Energy's claims. First, TP Oil insists that Devon Energy's contribution and indemnity claims fail because the terms of the settlement are unreasonable. (Doc. 6-1 pp. 7-8). This argument is a nonstarter at this stage because the "reasonableness" of the *Wichita* Settlement obviously requires development of evidence outside the scope of the pleadings. *E.g.*, *Colony Ins. Co. v. Peachtree Const., Ltd.*, 647 F.3d 248, 256 (5th Cir. 2011) ("Because

3

an inquiry into Great American's good faith and the reasonableness of its beliefs in tendering the settlement payment on behalf of Peachtree would involve matters beyond the scope of the pleadings, the district court could not have dismissed Great American's complaint under Rule 12(b)(6).").

Second, TP Oil asserts that Devon Energy's indemnity claim is "not viable" because Devon Energy has not produced an underlying indemnity agreement, and because Devon Energy fails to allege that it provided fair notice of the *Wichita* Settlement to TP Oil. (Doc. 6-1 pp. 9-11). Again, the Court is not swayed at this stage. The actual existence and terms of any indemnity agreement is beyond the scope of the pleadings, thus requiring discovery. *See Deggs v. Aptim Maint., LLC*, No. 19-cv-00406, 2021 WL 1208874, at *2 (M.D. La. Mar. 30, 2021) (Jackson, J.) (denying motion to dismiss indemnity claim at pleading stage based on alleged non-existence of underlying contract because determining the existence of a valid contract "requires factual findings that cannot be made at the Rule 12(b)(6) stage." (quotation marks and citations omitted). Likewise, what prejudice, if any, TP Oil suffered as a result of Devon Energy's alleged failure to provide notice of the *Wichita* Settlement is a question of fact that also cannot be resolved without discovery. *See Burke v. Ripp*, 619 F.2d 354, 359 (5th Cir. 1980) (explaining that an indemnity plaintiff's failure to provide notice of a settlement is "one of several factors" to be considered when determining whether indemnity is owed).

Third, TP Oil contends that Devon Energy's contribution claim fails because "Devon does not allege that [TP Oil] and Devon are joint tortfeasors with respect to

4

property damage sustained by the *Wichita* plaintiffs." (Doc. 6-1 pp. 11-12). Here, as noted in Devon Energy's opposition, TP Oil misreads Louisiana law, which provides a right to contribution among all solidary obligors, regardless of "whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense." *Morris v. Kospelich*, 218 So. 2d 316, 317 n.2 (La. 1969); *see also Robertson v. Am. W. Home Ins. Co.*, No. 06-78, 2007 WL 9706542, at *2 (M.D. La. Sept. 21, 2007) (Brady, J.) ("Solidary obligors are liable for contribution regardless of whether their obligations arise ex contractu or ex delicto." (footnote omitted)).

Finally, TP Oil argues that Devon Energy's unjust enrichment claim fails because Devon Energy maintains other remedies at law. (*Id.* pp. 12-13).[1] Devon Energy responds that it pleads its unjust enrichment claim as an alternative to its indemnity claim, so that it may pursue relief under an *implied* indemnity theory in the event that its contractual indemnity claim fails. *Minyard v. Curtis Prods., Inc.*, 205 So. 2d 422, 431 (La. 1967) (explaining that a claim for implied indemnity is "an action or claim in quasi contract for unjust enrichment"); *Hartford Fire Ins. Co.*, 548 So. 2d 66, 70 (La. Ct. App. 1989) ("Indemnity … finds its basis in the concept of unjust enrichment, *i.e.*, the party primarily at fault is unjustly enriched when one held liable vicariously or by reason of technical fault discharges the indebtedness."). Because the parties here disagree whether a contract for indemnity exists, it is not clear "whether

---

[1] TP Oil also challenges whether Devon Energy has adequately alleged an "enrichment." (Doc. 6-1 p. 13). Under Louisiana law, an enrichment may include a diminution of liabilities. La. C.C. art. 2298, Comment (b). TP Oil tacitly concedes that a fact dispute exists regarding whether its liabilities were diminished by the *Wichita* Settlement. (*Id.* pp. 13-14). Again, this dispute may not be resolved at the pleading stage.

another remedy is available" under the law, and Devon Energy's alternative claim for unjust enrichment may also proceed to discovery. *E.g.*, *Jones v. Administrators of Tulane Educ. Fund*, 51 F.4th 101, 119 (5th Cir. 2022) (allowing plaintiff's alternative claim for unjust enrichment to proceed to discovery where parties disputed the existence of the contract giving rise to plaintiff's primary claim).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that TP Oil's **Rule 12(b)(6) Motion To Dismiss (Doc. 6)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 28th day of September, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**